M. REED HOPPER, Cal. Bar No. 131291
E-mail: mrh@pacificlegal.org
ANTHONY L. FRANÇOIS, Cal. Bar No. 184100*
E-mail: TFrancois@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

DANIEL A. HIMEBAUGH, Wash. Bar No. 41711**
E-mail: dah@pacificlegal.org
Pacific Legal Foundation
10940 NE 33rd Place, Suite 210
Bellevue, Washington 98004
Telephone: (425) 576-0484
Facsimile: (425) 576-9565
Attorneys for Plaintiffs

*Counsel for Service*
**Pro hac vice admission pending*


ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief
KRISTEN BYRNES FLOOM, DC Bar No. 469615
Senior Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Telephone No: (202) 305-0340
Facsimile No: (202) 305-0275
Email: Kristen.Floom@usdoj.gov

Counsel for Defendants

CALIFORNIA CATTLEMEN'S ASSOCIATION V. JEWELL,
Case 2:13-cv-00800-GEB-AC
CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA CATTLEMEN'S ASSOCIATION; CALIFORNIA FARM BUREAU FEDERATION; AND OREGON CATTLEMEN'S ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>S.M.R. JEWELL, in her official capacity as Secretary of the Interior; DANIEL M. ASHE, in his official capacity as Director of the U.S. Fish and Wildlife Service; U.S. DEPARTMENT OF THE INTERIOR; and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 2:13-cv-00800-GEB-AC<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

This Stipulated Settlement Agreement is made between Plaintiffs California Cattlemen's Association, California Farm Bureau Federation, and Oregon Cattlemen's Association, and Defendants S.M.R. Jewell, Secretary of the Interior; Daniel Ashe, Director of the U.S. Fish and Wildlife Service; the Department of the Interior; and the U.S. Fish and Wildlife Service ("Service").

WHEREAS, on December 19, 2011, Plaintiffs submitted to the United States Department of the Interior and the Service a Petition to reclassify the following six species under the Endangered Species Act ("ESA"): Inyo California towhee, arroyo toad, Lane Mountain milk-vetch, Indian Knob mountain balm, Modoc sucker and Santa Cruz cypress;

WHEREAS, on May 17, 2012, the Service issued a finding under 16 U.S.C. § 1533(b)(3)(A) ("90-day finding") in response to the Petition, which found the Petition presented substantial scientific or commercial information indicating that the petitioned actions may be

warranted, and the 90-day finding was published in the Federal Register on June 4, 2012 (77 Fed. Reg. 32,922);

WHEREAS, under 16 U.S.C. §1533(b)(3)(B), within 12 months of receiving any petition that is found to present substantial information indicating that the petitioned action may be warranted, the Service is required to make a determination whether the petitioned action is warranted, not warranted, or warranted but precluded by other listing activity ("12-month finding");

WHEREAS, the Service has not yet issued 12-month findings under 16 U.S.C. § 1533(b)(3)(B) in response to the Petition;

WHEREAS, on January 16, 2013, Plaintiffs provided Defendants with written notice of their intent to sue under the ESA;

WHEREAS, on April 24, 2013, Plaintiffs filed this action challenging Defendants' failure to issue 12-month findings in response to the Petition;

WHEREAS, Plaintiffs seek an order declaring that Defendants violated the ESA and the Administrative Procedure Act ("APA") by failing to issue 12-month findings according to the time frame established by the ESA, and ask the Court to order Defendants to issue 12-month findings on their Petition by a date certain.  Plaintiffs also seek costs of litigation, including attorneys' fees;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint, and the parties agree that settlement of this action in this manner is in the public interest;

ACCORDINGLY, THE PARTIES AGREE AND STIPULATE AND IT IS HEREBY ORDERED AS FOLLOWS:

1. No later than August 30, 2013, the Service shall deliver to the Office of the Federal Register for publication a 12-month finding for the Santa Cruz cypress.

2. No later than October 31, 2013, the Service shall deliver to the Office of the Federal Register for publication a 12-month finding for the Inyo California towhee.

3. No later than November 29, 2013, the Service shall deliver to the Office of the Federal Register for publication a 12-month finding for the Indian Knob mountain balm.

4. No later than December 31, 2013, the Service shall deliver to the Office of the Federal Register for publication a 12-month finding for the Modoc sucker.

5. No later than February 28, 2014, the Service shall deliver to the Office of the Federal Register for publication a 12-month finding for the Lane Mountain milk-vetch and arroyo toad.

6. Either party may seek to modify the deadlines for the actions specified in Paragraphs 1-5 for good cause shown, consistent with the Federal Rules of Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 7 below.  This Settlement Agreement may be modified or amended only by order of this Court.

7. In the event that either party seeks to modify the terms of this Settlement Agreement, including the deadline for the actions specified in Paragraphs 1-5, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement, the party seeking the modification, raising the dispute or seeking

enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court. In the event that Defendants fail to meet the deadlines specified in Paragraphs 1-5 above, and Defendants have not sought to modify the deadlines, or if Plaintiffs seek other relief from the court, Plaintiffs' first remedy shall be a motion to enforce the terms of this Settlement Agreement. This Settlement Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

8. No party shall use this Settlement Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a 12-month finding in any other proceeding regarding Defendants' implementation of the ESA.

9. Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in this matter for a total of $4,962.50. Payment will be made payable in that amount to Pacific Legal Foundation. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the Court order approving this Settlement Agreement. Plaintiffs agree to accept payment of such amount in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this Settlement Agreement.

10. Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Settlement Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraphs 1-5, or for any other unforeseen continuation of this

action.  Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11.     Plaintiffs' Complaint shall be dismissed with prejudice upon approval of this Settlement Agreement by the Court.  The parties respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Settlement Agreement and to resolve any motions to modify such terms.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994).

12.     This Settlement Agreement contains all of the agreements between the Parties, and is intended to be the final and sole agreement between the Parties.  The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect.

13.     Nothing in this Settlement Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Settlement Agreement.  Defendants do not waive any defenses they may have concerning the claims settled under this Settlement Agreement or any similar claims brought in the future by any other party.  This Settlement Agreement is executed solely for the purpose of compromising and settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent in any other context.

14.     No provision of this Settlement Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA,

or any other law or regulation, either substantive or procedural.  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein other than as set forth in paragraphs 1-5, or as to the substance of any final determination.  To challenge any final rule issued in accordance with this Settlement Agreement, Plaintiffs will be required to file a separate action and otherwise comply with applicable legal requirements.

15. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

16. Each of the parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Settlement Agreement, and do hereby agree to the terms herein.

Dated:  August 2, 2013                    Respectfully Submitted,

                                          M. REED HOPPER, Cal. Bar No. 131291
                                          E-mail: mrh@pacificlegal.org

                                          /s/ ANTHONY L. FRANÇOIS *(by KBF with permission)*
                                          ANTHONY L. FRANÇOIS, Cal. Bar No. 184100*
                                          E-mail: TFrancois@pacificlegal.org
                                          Pacific Legal Foundation
                                          930 G Street
                                          Sacramento, California 95814
                                          Telephone: (916) 419-7111
                                          Facsimile: (916) 419-7747

                                          DANIEL A. HIMEBAUGH, Wash. Bar No. 41711**
                                          E-mail: dah@pacificlegal.org
                                          Pacific Legal Foundation
                                          10940 NE 33rd Place, Suite 210

Bellevue, Washington 98004
Telephone: (425) 576-0484
Facsimile: (425) 576-9565
Attorneys for Plaintiffs

*Counsel for Service*
*\*\* Pro hac vice admission pending*


ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief

/s/ KRISTEN BYRNES FLOOM
KRISTEN BYRNES FLOOM
DC Bar No. 469615
Senior Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Telephone No: (202) 305-0340
Facsimile No: (202) 305-0275
Email: Kristen.Floom@usdoj.gov

Counsel for Defendants


IT IS SO ORDERED:

Dated: August 7, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge